# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form07instructions.pdf

**9th Cir. Case Number(s)** 24-4095

**Case Name** McKinney-Drobnis v. Massage Envy Franchising, LLC

**Counsel submitting this form** Mark L. Knutson, Esq.

**Represented party/parties** Plaintiffs Baerbel McKinney-Drobnis, et al., and Class Counsel Finkelstein & Krinsk LLP

*Briefly describe the dispute that gave rise to this lawsuit.*

Post-judgment motion for award of attorney fees following expiration of redemption period for vouchers (coupons) issued in a class action settlement, the substance of which was previously before this Court in Oreshack v. Massage Envy Franchising, LLC, 16 F.4th 591 (2021). Following remand in Oreshack, on May 24, 2022, the district court approved an amendment to the class action settlement and awarded a portion of attorney fees relating to then-performed injunctive relief, deferring consideration of the balance of plaintiff class counsel attorney's fee award for both coupon redemption and post-final approval injunctive relief yet to be performed by Massage Envy, over a period of 18 to 24 months following the May 2022 final settlement approval.

Following the settlement coupon redemption period, but prior to completion of the injunctive relief afforded by the amended settlement, plaintiffs and their class counsel moved for a combined award of approx. $1.674 million in attorney fees. Although the amount requested was within the range previously agreed to by Massage Envy, defendant objected to the fee request on the grounds that it was not made within 10 days of defense counsel's disclosure of the total amount of coupons redeemed. Plaintiff responded that the fee motion was brought within a reasonable amount of time following defendant's refusal to provide an accounting and/or explanation for its material deviation from the coupon redemption protocols agreed to by the parties and approved by the district court.

The district court sided with defendant, and denied plaintiffs/class counsel's fee application solely on the grounds of its purported untimeliness.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**        *Rev. 09/01/22*

1

*Briefly describe the result below and the main issues on appeal.*

The district court denied Plaintiff Class Counsel's post-judgment motion for an award of attorney fees based on its strict contractual interpretation of the timing requirements embodied in the parties' amended class action settlement agreement, irrespective of the fact that the legal services at issue were provided to the settlement class and did result in substantial monetary and non-monetary (injunctive relief) being provided to class members.

1) Did the district court err as a matter of law when it strictly construed the amended settlement agreement's fee award timing requirements to the exclusion of its independent obligation under Rule 23(h) to ensure that the terms and conditions for the payment of such fees are reasonable as recognized in In re Bluetooth Headset Prod. Liab. Litg., 654 F.3d 935, 941 (9th Cir. 2011)?

2) If strict construction of the amended agreement's fee award provisions was required, did the district court err in failing to apply that same standard to the manner by which Massage Envy reported coupon redemption values to Plaintiff Class Counsel?

3} Did the district court err by denying plaintiffs' requested inquiry into the franchisees material deviation in processingd coupon redemptions?

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

None.

**Signature** s/Mark L. Knutson   **Date** July 5, 2024
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                                                                                           *Rev. 09/01/22*

2