**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BAERBEL MCKINNEY-DROBNIS; JOSEPH B. PICCOLA; CAMILLE BERLESE, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs - Appellants,<br><br>　v.<br><br>MASSAGE ENVY FRANCHISING, LLC, a Delaware Limited Liability Company,<br><br>　　　　Defendant - Appellee,<br><br>------------------------------------------<br><br>FINKLESTEIN & KRINSK, LLP<br><br>　　　　Interested Party - Appellant. | No. 24-4095<br><br>D.C. No.<br>3:16-cv-06450-MMC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted July 11, 2025[**]

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

San Francisco, California

Before: H.A. THOMAS and DE ALBA, Circuit Judges, and RAKOFF, District Judge.[***]

Appellant Finklestein & Krinsk, LLP[1] ("Class Counsel") appeals the district court's denial of their post-judgment motion for attorneys' fees as untimely under the express terms of a class action settlement agreement with Appellee Massage Envy Franchising, LLC ("MEF").

As part of the settlement agreement, class members received vouchers for retail goods and services in various amounts that they could redeem at MEF franchise locations. Under the terms of the settlement and this Court's ruling in *McKinney-Drobnis v. Oreshack*, 16 F.4th 594 (9th Cir. 2021), Class Counsel could seek attorneys' fees related to the voucher remedy based on the total value of the redeemed vouchers. The written settlement agreement required MEF to provide Class Counsel with the "aggregate value of redeemed vouchers" within 10 days of the voucher redemption deadline, which was December 24, 2023. The settlement agreement also required Class Counsel to file any voucher-related fee motion

---

[***] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

[1] The class representatives are also named as Appellants in the Notice of Appeal, but because the attorneys' fees at issue are separate and apart from any class member relief, the named representatives lack standing to appeal the district court's order. *See Glasser v. Volkswagen of Am., Inc.*, 645 F.3d 1084, 1088–89 (9th Cir. 2011).

within 10 days of MEF reporting the redemption value. On December 27, 2023, MEF's attorney reported the total redemption value to Mr. Krinsk via email with the subject line "Redemption Total for McKinney Settlement." Accordingly, Class Counsel had until January 8, 2024, to file their fee motion. Mr. Krinsk conceded that he saw the December 27 email but did not "focus on its importance." Consequently, Class Counsel did not file the motion until February 8, 2024. Further, even though MEF's attorney had previously offered to discuss an extension to the deadline, Class Counsel did not request one.

We review the interpretation of settlement contracts de novo. *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). Where a district court relied on extrinsic evidence to interpret the contract, "the court's findings of fact must be upheld unless clearly erroneous." *United States v. 1.377 Acres of Land*, 352 F.3d 1259, 1264–65 (9th Cir. 2003). The "construction and enforcement" of settlement agreements "are governed by principles of local law which apply to interpretation of contracts generally." *Jeff D.*, 899 F.2d at 759 (citation omitted). Under California law, which governs the settlement agreement in the instant case, courts must interpret contracts "as to give to effect to the mutual intention of the parties as it existed at the time of contracting." Cal. Civ. Code § 1636. The "clear and explicit" language of the contract controls the analysis. *See Revitch v. DIRECTV, LLC*, 977 F.3d 713, 717 (9th Cir. 2020) (quoting *Kashmiri v. Regents of the Univ.*

*of Cal.*, 156 Cal. App. 4th 809, 831 (2007)); *see also* Cal. Civ. Code §§ 1639, 1644.

We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. The district court correctly interpreted the settlement agreement and ruled that Class Counsel's fee motion was untimely. The settlement agreement, which Class Counsel negotiated and helped draft, plainly required Class Counsel to seek voucher-related attorneys' fees within 10 days after receipt of the total value of the redeemed vouchers from MEF. Class Counsel's arguments that the December 27 email did not count as MEF "providing" the redemption value are unpersuasive and disingenuous. Nothing in the settlement states or implies that MEF had to communicate that number through an agent other than its attorneys. Nor does any settlement provision require MEF to provide the information in any particular form or manner, such as the "evidentiarily admissible" form that Class Counsel demanded after it missed the filing deadline.

2. Class Counsel also argues that MEF breached the contract or failed to fulfill a "condition precedent" by redeeming some vouchers for cash. Class Counsel waived this argument by failing to sufficiently raise it to the district court, so we do not consider it here. *See W. Water Project v. U.S. Dep't of the Interior*, 677 F.3d 922, 925 (9th Cir. 2012); *Baccei v. United States*, 632 F.3d 1140, 1149 (9th Cir. 2011). In any event, whether some vouchers were redeemed for cash has

nothing to do with when Class Counsel was required to file its fee motion, particularly since the value of those vouchers was included in the total redemption amount, and there is no showing of harm to either the class members or Class Counsel.

3. The district court did not abuse its discretion by not *sua sponte* ruling on whether MEF's redemption of some vouchers for cash excused Class Counsel's delayed fee motion filing. Class Counsel's motion only sought attorneys' fees—it never asked the district court to issue any kind of enforcement order against MEF. The district court cannot abuse its discretion over something it was never asked to do. *Cf. Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1017 (9th Cir. 2007) (noting "the party seeking enforcement of the settlement agreement" must actually claim a violation of the agreement). Any lack of "oversight" of the voucher redemption process was the result of the settlement agreement's clear written terms. If Class Counsel had concerns about MEF self-policing the voucher redemption process, they should have addressed them in the written settlement agreement, not after the fact as an attempt to excuse their untimely request for fees.

**AFFIRMED.**